UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANI IBRAHIM, | § | |
| *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION H-18-2791 |
| JP MORGAN CHASE BANK N.A., | § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss filed by defendant JP Morgan Chase Bank N.A. ("Chase"). Dkt. 5. Plaintiff Hani Ibrahim did not respond to the motion. Having considered the original verified petition filed in state court (Dkt. 1-1, Ex. A-3), the motion to dismiss (Dkt. 5), and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED.

**I. BACKGROUND**

According to the petition, Ibrahim and Lubna Safi[1] purchased a house is Sugar Land, Texas on or about October 13, 2006. Dkt. 1-1, Ex. A-3. Ibrahim asserts that they obtained a mortgage loan secured by a Deed of Trust from Silverstone Mortgage, Inc. *Id.* Ibrahim contends that they made all loan payments until August 26, 2017, when Ibrahim and Safi "experienced a financial hardship" due to Hurricane Harvey. *Id.* Ibrahim was unable to continue operating his business as usual because his home office was ruined and his cars, used to visit clients, were flooded. *Id.* Ibrahim contends that he contacted Chase to seek alternative mitigation methods, including a loan modification or forbearance, but he also continued to make mortgage payments. *Id.* According to

---

[1] Safi was originally also a plaintiff in this case but has since voluntarily dismissed her claims. *See* Dkt. 3.

Ibrahim, he talked to many individuals at Chase and nobody would offer him a forbearance or loan modification. *Id.* In May 2018, Chase notified Ibrahim of a pending foreclosure. *Id.* Ibrahim then filed for bankruptcy, but his bankruptcy case was dismissed on May 17, 2018. *Id.* According to Ibrahim, Chase refused to speak with him at all after he filed bankruptcy and sent no letters to notify him about the status of his loan. *Id.* Instead, he received correspondence from a law firm on July 12, 2018, stating that the property would be up for foreclosure on August 7, 2018. *Id.* Ibrahim contends he did not receive a notice of default or acceleration of his loan prior to receiving the notice of foreclosure on July 12. *Id.* He filed suit in state court on August 6, 2018, requesting a temporary restraining order and temporary injunction and asserting claims of common law fraud, breach of contract and failure of conditions precedent, violations of the Real Estate Settlement Procedures Act ("RESPA") and Regulation X of the Code of Federal Regulations, and violations of the Texas Debt Collection Act ("TDCA"). *Id.*

Chase removed the case to this court on August 14, 2018, and it filed the instant motion to dismiss on August 31, 2018. Dkts. 1, 5. Chase contends that Ibrahim is not a party to the loan or the deed of trust and that his claims should therefore be dismissed. Dkt. 5.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

### III. ANALYSIS

When considering a motion to dismiss under Rule 12(b)(6), while courts generally must accept the factual allegations contained in the complaint as true, the court may "also consider '[d]ocuments that a defendant attaches to the motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the] claim.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766–67 (5th Cir. 2016) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Here, the loan documents are central to Ibrahim's claims. Chase attached a Special Warranty Deed for the property located at 16631 Cobbler Crossing Dr. in Sugar Land, Texas, which is the property address listed in the complaint, to its motion to dismiss. Dkt. 5, Ex. A; *see* Dkt. 1-1, Ex. A-3 (listing the address of the property). The deed is dated October 5, 2006, with an effective date of October 13, 2006, and the grantee is "Lubna A. Safi, a Single Woman." Dkt. 5, Ex. 1. Chase also attached a Note to its motion. Dkt. 5, Ex. 2. The note is dated October 13, 2006, and it is for the property located at 16631 Cobbler Crossing Dr., in Sugar Land, Texas. *Id.* The sole borrower signing the note is Lubna A. Safi. *Id.* Finally, Chase attached a Deed of Trust, dated October 13, 2006, to its motion. Dkt. 5, Ex. 3. It is for property located at 16631 Cobbler Crossing Dr., in Sugar Land, Texas. *Id.* Each page is initialed by "L.A.S." *Id.* The sole borrower signing the document is Lubna A. Safi. *Id.* Ibrahim is not included in any of these documents. *Id.* In the petition, Ibrahim

and Safi were co-plaintiffs, and they asserted that they had applied for and obtained a loan. Clearly, it was Safi, not Ibrahim, who was actually a party to the loan. And Safi has elected not to pursue this matter. *See* Dkt. 3 (Safi's notice of dismissal).

All of Ibrahim's claims fail because Ibrahim is not a party to the loan. He is not a party to the contract under which he asserts a breach of contract claim. "To prevail on a breach of contract claim [under Texas law], a party must establish the following elements: (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach." *West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "A plaintiff establishes standing to maintain a breach-of-contract action by demonstrating that [the plaintiff] has an enforceable interest as a party to the contract, as an assignee of a party, or as a third party beneficiary." *Republic Petroleum LLC v. Dynamic Offshore Res. NS LLC*, 474 S.W.3d 424, 430 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (mem. op.). Ibrahim did not explain in the petition how he has standing other than vaguely indicating that he is a party to the contract, and he is not a party to the contract. He therefore has not stated a plausible claim for breach of contract.

Ibrahim next asserts a claim for violations of RESPA and Regulation X of the Code of Federal Regulations. Dkt. 1-1, Ex. A-3. Chase asserts that Ibrahim lacks standing to assert a RESPA claim because he does not allege facts showing that he is a borrower on the loan, and RESPA liability is only to the *borrower*. Dkt. 5 (citing 12 U.S.C. § 2605(f) (stating the person not complying with the section "shall be liable to the borrower")). The court agrees that Ibrahim alleges no facts that plausibly state a claim for relief under RESPA since he is not listed as a borrower on the loan. With regard to Regulation X, "once a servicer receives a borrower's complete loss

mitigation application, the former cannot foreclose before notifying the latter of its loss mitigation ineligibility." *Forscht v. Select Portfolio Servicing, Inc.*, No. H-17-2659, 2018 WL 1757610, at *2 (S.D. Tex. Apr. 12, 2018) (Miller, J.). Since Ibrahim is not the borrower and also does not allege that he ever submitted a complete loss mitigation application, he does not state a plausible claim under Regulation X.

With regard to his fraud claim, under Texas law, to recover for a claim of common law fraud, Ibrahim must prove: (1) that a material representation was made; (2) that it was false; (3) that the speaker knew it was false when made or that the speaker made it recklessly without any knowledge of the truth; (4) that the speaker made it with the intention that it be acted upon by the other party; (5) that the party acted in reliance upon it; and (6) the party was injured as a result of the reliance. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992). State law fraud claims must be pled with particularity and are "subject to the heightened pleading requirements of FRCP Rule 9(b)." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010). The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). However, "Rule 9(b)'s ultimate meaning is context-specific." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Thus, "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or

5

mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id.*

Here, Ibrahim contends that Chase agreed on numerous occasions in 2017 and 2018 to escalate the requests for forbearance and then subsequently failed to respond to Ibrahim's requests and instead proceeded to foreclosure. Dkt. 101, Ex. A-3. He asserts that this constitutes common law fraud and misrepresentation of material facts that he relied on to his detriment, which is a producing cause of actual damages. *Id.* This claim is not pled with the particularity required by Rule 9(b). While it appears that Ibrahim is asserting that the alleged promises to escalate the requests were a misrepresentation, his allegation of damages is conclusory—especially since he does not have any ownership interest in the property.

Ibrahim also fails to state a claim under the TDCA. Ibrahim bases his TDCA claim on allegations that Chase failed to provide notice of default and an opportunity to cure, which he contends is expressly required in the Deed of Trust. Dkt. 1-1, Ex. A-3 (relying on Tex. Fin. Code Ann. § 392.001 et seq.). However, Chase was not required to provide notice to Ibrahim, who is not on the Deed of Trust. Thus, Ibrahim's TDCA claim fails.

The other relief requested in Ibrahim's petition–equitable relief, damages, and attorneys' fees—all stem from at least one of his tort or statutory claims being valid. Since Ibrahim fails to state a claim under any of these theories, his other requests for relief also fail.

## IV. CONCLUSION

Ibrahim fails to state a claim for which relief can be granted. Chase's motion to dismiss is therefore GRANTED. Ibrahim's claims are DISMISSED WITH PREJUDICE. A final judgment will issue concurrently with this order.

Signed at Houston, Texas on November 19, 2018.

Gray H. Miller
United States District Judge